IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

JAMES RANDY SCHOONOVER,

    Plaintiff,

v.     Civil Action No. 2:24-cv-612

FAMILY DOLLAR STORE[1],

    Defendant.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant, Family Dollar Stores of West Virginia, LLC (referred to herein as "Family Dollar" or "Defendant"), hereby removes this civil action from the Circuit Court of Clay County, West Virginia, to the United States District Court for the Southern District of West Virginia. As grounds for removal, Defendant states as follows:

### I. NATURE OF REMOVED ACTION

1.    The removed case is a civil action initially filed on September 9, 2024, in the Circuit Court of Clay County, West Virginia, assigned Civil Action No. 24-C-20 and captioned as *James Randy Schoonover v. Family Dollar Store*. In accordance with 28 U.S.C. §1446(a), a complete copy of the court file in Civil Action 24-C-20 is attached hereto as **Exhibit A**. No other summonses, processes, pleadings, or orders have been served on Defendant as of this date.

---

[1] Family Dollar Stores of West Virginia LLC is improperly named in Plaintiff's Complaint as Family Dollar Store.

## II.  TIMELINESS OF REMOVAL

2. Pursuant to 28 U.S.C. § 1446(b)(1), "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  The general rule is that the time for counting the days for filing notice of removal starts when the defendant is formally served with the summons and complaint making the defendant an official party to the action and requiring the defendant to appear. *Elliot v. American States Ins. Co.*, 883 F.3d 384 (4th Cir. 2018).  Service on a statutory agent is not service on the defendant that triggers the timeline for filing notice of removal. *Id*. at 391-394.

3. Here, service was effectuated on Family Dollar via the West Virginia Secretary of State ("WVSOS").  The summons and complaint were received by the WVSOS on September 25, 2024.  Thereafter, Family Dollar received the summons and complaint on October 10, 2024.

4. Thus, notice of removal is timely.

## III.  VENUE

5. Venue for this removal action is proper pursuant to 28 U.S.C. § 1441(a) because the Circuit Court of Clay County, West Virginia, is located within the Southern District of West Virginia, Charleston Division.

## IV.  BASIS FOR REMOVAL – FEDERAL QUESTION JURISDICTION

6. In his Complaint, it appears that Plaintiff is attempting to advance a federal cause of action for "violating [his] Second Amendment" rights.  *See* Compl., generally.  Further, although it is unclear, Plaintiff may also be attempting to assert a claim under the First Amendment of the U.S. Constitution for "violating his freedom of speech." *See Compl*.  Specifically, Plaintiff

alleges that a store manager working for Defendant "malicious[ly] screamed at him," "ordered [him] off [the] parking lot," "down[ed] him in front of lots of people," "embarrass[ed] [him] in front of his friends, violating his Second Amendment, freedom of speech." *See* Compl.

7. According to 28 U.S.C. §1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. §1441 (a).

8. Pursuant to 28 U.S.C. § 1331, which provides that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," this Court has original jurisdiction over Plaintiff's claims for violation of his Constitutional rights. Indeed, federal jurisdiction exists where, as here, a federal question is presented "on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

9. The propriety of removal on the basis of federal question jurisdiction "depends on whether the claims 'aris[e] under' federal law." *Pinney v. Nokia, Inc.*, 402 F.3d 430, 441 (4th Cir. 2005).

10. "There is no 'single, precise definition' of what it means for an action to 'arise under' federal law." *Verizon Md., Inc. v. Glob. Naps*, 377 F.3d 355, 362 (4th Cir. 2004). However, the Supreme Court of Appeals for the United States has recognized federal question jurisdiction on a variety of cases, such as:

> (1) when a federal right or immunity forms an essential element of the plaintiff's claim;
>
> (2) when a plaintiff's "right to relief depends upon the construction or application" of federal law, and the federal nature of the claim "rests upon a reasonable foundation,";

      (3) when "federal law creates the cause of action,"; and

      (4) when "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law [.]"

*Id.* (citations omitted).

11.    Here, Plaintiff appears to be attempting to assert claims for alleged violations of his federal constitutional rights under both the First and Second Amendments to the United States Constitution.

12.    Since Plaintiff's cause(s) of action arise(s) expressly under federal law, *i.e.*, the United States Constitution, this Court has original jurisdiction over such claim(s).

13.    The claim(s) asserted by Plaintiff clearly raise issues of a federal question on the face of the Complaint. Therefore, this action is removable pursuant to 28 U.S.C. §1331.

### V. SUPPLEMENTAL JURISDICTION

14.    Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over any state law claims that might be contained in Plaintiff's Complaint because such claims are related to his claim over which the Court has original jurisdiction. Indeed, all of the allegations contained in Plaintiff's Complaint concern the alleged treatment he claims to have experienced during a visit to a Family Dollar store on August 25, 2024; thus, any such claims form part of the same case and controversy.

15.    Pursuant to 28 U.S.C. § 1367(a), a district court may decline to exercise supplemental jurisdiction over the state law claim only if: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which

it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

16. Here, it is unclear from the face of Plaintiff's Complaint whether he is asserting any state law claims; however, to the extent any such claims are asserted, they are based upon the exact same operative factual allegations that form the basis of his predominate claim(s) under the United States Constitution.

17. Any state law claims asserted by Plaintiff would arise from the same set of facts as the Plaintiff's federal claim under the United States Constitution, and, therefore, fall within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. In sum, any additional claims Plaintiff may be attempting to assert in his Complaint arise from his visit to a Family Dollar store on August 28, 2024, and, thus, form part of the same case or controversy as his federal claim(s) under the First and/or Second Amendments.

18. Therefore, this Court has supplemental jurisdiction over any additional claims that might be gleaned from a generous reading of the Complaint.

### IX.  OTHER REMOVAL REQUIREMENTS

19. In compliance with 28 U.S.C. § 1446(d), notice of filing this notice of removal is being filed with the Circuit Court of Clay County, West Virginia, and served upon all adverse parties. A copy of such notice is attached hereto as **Exhibit B**.

### IX.  NO WAIVER OF DEFENSES

20. Family Dollar, by removing the above-captioned civil action, does not waive, and hereby reserves, the right to assert any and all applicable defenses under Federal Rule of Civil Procedure 12(b). *See Corbitt v. Air Prod. & Chemicals, Inc.*, No. 6:07-CV-00200, 2007 WL

9718736, at *1 (S.D. W. Va. Aug. 31, 2007) (*citing Freeman v. Bee Mach. Co.*, 319 W. Va. 448, 451 (1943)) ("A party who removes an action from a state to a federal court does not thereby waive any of his Rule 12(b) defenses or objections.").

WHEREFORE, Defendant, Family Dollar Stores of West Virginia, LLC hereby removes this action from the Circuit Court of Clay County, West Virginia, to the United States District Court for the Southern District of West Virginia.

Respectfully submitted this 25th day of October 2024.

*/s/ Lindsay M. Gainer*
Julie A. Moore (WV Bar No. 11315)
Bowles Rice LLP
125 Granville Square, Suite 400
Morgantown, West Virginia  26505
T: 304-285-2524
F: 304-285-2575
jamoore@bowlesrice.com

Lindsay M. Gainer (WV Bar No. 12046)
Bowles Rice LLP
600 Quarrier Street
Post Office Box 1386
Charleston, West Virginia  25325
T: 304-347-1128
lgainer@bowlesrice.com

*Counsel for Defendant Family Dollar Stores of West Virginia, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

JAMES RANDY SCHOONOVER,

    Plaintiff,

v.    Civil Action No. 2:24-cv-612

FAMILY DOLLAR STORE[2],

    Defendant.

## CERTIFICATE OF SERVICE

    I hereby certify that on the 25th day of October, 2024, I electronically filed the foregoing "***Notice of Removal***" with the Clerk of the Court using the CM/ECF system. In addition, I have mailed complete copies of these filings to Plaintiff, who appears *pro se*, via First Class U.S. Mail, as follows:

    James Randy Schoonover
    Post Office Box 62
    Clay, West Virginia 25043
    *Plaintiff Pro Se*

/s/ Lindsay M. Gainer
Julie A. Moore (WV Bar No. 11315)
Bowles Rice LLP
125 Granville Square, Suite 400
Morgantown, West Virginia 26505
T: 304-285-2524
jamoore@bowlesrice.com

Lindsay M. Gainer (WV Bar No. 12046)
Bowles Rice LLP
600 Quarrier Street
Post Office Box 1386
Charleston, West Virginia 25325
T: 304-347-1128
lgainer@bowlesrice.com

*Counsel for Defendant Family Dollars of West Virginia, LLC*

---

[2] Family Dollar Stores of West Virginia LLC is improperly named in Plaintiff's Complaint as Family Dollar Store.

17180223.2